UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>ROY HELSING and TERRACE PARK HOA, INC.,<br><br>    Defendants. | No. 2:21-cv-00342 KJM AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I.  The Screening Requirement**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II. The Complaint

Plaintiff sues two listed defendants, who appear to be the same individual serving in different private capacities: Roy Helsing, the owner of Terrace Park HOA, Inc., and Roy Helsing, Owner of the Helsing Group, Inc. ECF No. 1 at 2. Plaintiff asserts this court has jurisdiction under 28 U.S.C. § 1331 because the cases arises under the United States Constitution. Id. at 3-4. Plaintiff alleges defendant violated the Tenth Amendment's Separation of Powers Clause and the

Fourteenth Amendment's Due Process Clause. Id. at 4. He seeks damages in the amount of $900,000.00 and $350.00 per month for six years. Id. at 6.

Plaintiff alleges that in 2015, he bought a single-family condominium located at 617 Daniels Ave., Vallejo, California, 94520. Id. at 9. He "signed his mortgage contract the agent representing the mortgage finance company informed him that he had to pay an additional monthly fee, besides his monthly mortgage payments, to the HOA program." Id. Defendants ran the HOA program. Id. One week later, an employee of defendants' informed plaintiff that state law, specifically the California Davis-Stirling Act, allowed them to charge plaintiff a monthly fee for services that their association provides during the time he resides in the complex. Id. at 10. Plaintiff stated that he did not believe paying the HOA a monthly fee was legal under federal law and that the State of California did not have authority to create such a right. Id. The employee explained that the HOA services included street cleaning, garbage pickup, landscape work, gardening, and general upkeep of the complex such as security services, swimming pool maintenance, and cleaning. Id. Plaintiff stated that he would pay the fee under legal protest, maintaining that the fee is unconstitutional under federal law, and informed the employee the matter would be settled in federal court. Id. at 11. Plaintiff subsequently filed this suit, arguing among other things that the California Davis-Stirling Act is unconstitutional and violates the Tenth and Fourteenth Amendments. Id.

### III. Analysis

This complaint must be dismissed because plaintiff cannot state a claim upon which relief can be granted against the defendants. Plaintiff's only causes of action are two constitutional challenges to a state law, yet the only defendants are a private homeowners association and the alleged owner/director of the homeowner's association. Because "[t]he United States Constitution protects individual rights only from government action, not from private action," Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746 (9th Cir. 2003), plaintiff's complaint fails as a matter of law. Plaintiff has not pled any facts that could support a theory of state action by the HOA, either in its general operation or when it acts in its capacity as a fee

////

collector. Plaintiff suggests that unspecified law supports such a theory, but he cites none and the court is aware of none.

There is, however, an abundance of persuasive authority finding that an HOA is not a state actor. In an unpublished decision, the Ninth Circuit held that a Nevada resort owners' association, a private corporation, was not a state actor for purposes of the color of law element of a civil rights claim under 42 U.S.C. §1983. Snowdon v. Preferred RV Resort Owners Ass'n, 379 Fed.Appx. 636, 637 (9th Cir.2010). The appellate court reasoned that the association "did not perform the traditional and exclusive public function of municipal governance." Snowdon, 379 Fed.Appx. at 637 (citing Marsh v. Alabama, 326 U.S. 501 (1946) (holding that free speech restrictions imposed within a "company town" that was wholly owned and managed by a private corporation were unconstitutional). The plaintiffs in Snowdon "failed to show that [the association] had 'assumed all of the attributes of a state-created municipality' and 'exercised semi-official municipal functions as a delegate of the State.' " Snowdon, 379 Fed.Appx. at 637 (brackets and ellipses omitted) (quoting Hudgens v. NLRB, 424 U.S. 507, 519, (1976)); see also Short v. Noble Mountain Community Ass'n, 2012 466915, at *9 (D.Ariz. Feb. 14, 2012) (holding that an Arizona homeowners' association was not a state actor because it did not have "all the attributes of a town") (citing Hudgens, 424 U.S. at 516). As recently as last year, district courts in California have found that HOAs are generally not quasi-government entities. See, Kulick v. Leisure Vill. Ass'n, Inc, No. CV 20-6079 DSF (PVC), 2020 WL 5752875, at *4 (C.D. Cal. Sept. 14, 2020).

Further, the facts as alleged by plaintiff cannot support any claim against the defendants. The facts as stated are that plaintiff was informed by his mortgage company that he would have to pay an HOA fee when he purchased his property, and defendants collected the HOA fee, which he paid under protest. ECF No. 1 at 9, 11. Though an agent of defendants allegedly cited the Davis-Stirling Act as the statutory basis for the existence of HOAs and imposition of HOA fees in California, defendants did not create the Act and were not operating to enforce the Act. Plaintiff does not allege any actual wrongdoing or unlawful conduct on the part of defendants; he only challenges the constitutionality of the Act.

For these reasons, the undersigned finds the complaint fails to state any claim on which relief may be granted. Accordingly, the complaint should be dismissed on screening pursuant to 28 U.S.C. § 1915(e)(2). Because it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," leave to amend should not be granted. Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012). Where, as here, the underlying facts or circumstances of which plaintiff complains are not a proper subject of relief, amendment may be denied as futile. Foman v. Davis, 371 U.S. 178, 182 (1962).

### IV. Conclusion

Accordingly, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED with prejudice because it fails to state a claim upon which relief can be granted and because it brings claims against immune defendants.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 25, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE